# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. PISKANIN,** | : | CIVIL ACTION NO. 1:13-CV-1843 |
| **Plaintiff** | : | (Judge Conner) |
| v. | : | |
| **MARIROSA LAMAS,** *et al.,* | : | |
| **Defendants** | : | |

## ORDER

AND NOW, this 18th day of July, 2013, upon preliminary consideration of plaintiff's civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1), in which he seeks to proceed in forma pauperis (Doc. 4), 28 U.S.C. § 1915, and the court finding that the "three strikes" provision of the Prison Litigation Reform Act of 1996 ("PLRA"), codified at 28 U.S.C. § 1915(g), prohibits him from proceeding in forma pauperis as he has had three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim[1], and it being evident that there is no indiction that

---

[1] The following recitation was set forth in a report and recommendation of former United States Magistrate Judge Malachy E. Mannion, now United States District Court Judge, and adopted by the undersigned in Piskanin, v. FBI, No. 1:12-0909, 2012 WL 4050181, *1 (M.D. Pa. Aug. 8, 2012):

> Plaintiff has filed three or more actions in federal court which have been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Specifically, in Piskanin v. Banach, *et al.*, 2008 WL 5246165 (E.D.Pa. 2008), plaintiff's amended complaint was dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff then appealed this ruling to the United States Court of Appeals for the Third Circuit. Piskanin v. Hamer, 269 Fed. Appx. 159 (3d Cir. 2008). The Third Circuit affirmed the district court's ruling and dismissed the appeal as frivolous.

plaintiff "is under imminent serious physical injury," 28 U.S.C. § 1915(g)² (setting

---

Id. at 162. Plaintiff then filed another action alleging that he was "former operative" for the Federal Bureau of Investigation and that he was entitled to FBI "protection" from numerous public officials who allegedly have engaged in retaliatory acts, including his criminal prosecution. Piskanin v. John Doe, 2009 WL 1684651 (E.D.Pa. 2009). The district court dismissed this action as frivolous. Id. On appeal, the Third Circuit affirmed the district court opinion that the action should be dismissed as frivolous. Piskanin v. John Doe, 349 Fed. Appx. 689 (3d Cir. 2009). Plaintiff then filed a third complaint, which the District Court for the Western District of Pennsylvania dismissed pursuant to the three strikes rule, or 28 U.S.C. § 1915(g). Piskanin v. PA Department of Corrections, et al., 2010 WL 3834845 (W.D.Pa. 2010). Finally, plaintiff filed a fourth complaint, which was dismissed by the District Court for the Middle District of Pennsylvania for failure to state a claim upon which relief could be granted. Piskanin v. Commonwealth of Pennsylvania, et al., 2010 WL 4362458 (M.D.Pa. 2010).

²Plaintiff's complaint was signed on June 30, 2013. (Doc. 1, at 5.) He is seeking an order directing defendants to "cease and desist" medically abusing him, to refer him to a competent eye surgeon, to provide him with a current model of a blood sugar meter that allows forearm testing, and to provide him with a nightly diabetic snack bag. (Doc. 1, at 4.) His allegations of medical abuse are not sufficient to trigger the exception to section 1915(g) because he was not in imminent danger of serious physical harm at the time he filed the complaint. For instance, he alleges that he had only three nitroglycerin tablets and had to wait from 8:00 p.m. on June 28, 2013, until the morning pill line on June 29, 2013, to get a refill. (Doc. 1, at ¶ 12A.) He does not allege that he was denied the refill. On June 22, 2013, he had a toothache and abscess and his requests for treatment were denied. (Id. at ¶ 12B). Consequently, during the period of June 22, 2013, through June 28, 2013, he was unable to eat and "suffered risk of diabetic serious injury andor [sic] death." (Id.) It appears that the alleged threat of harm subsided on June 28, 2013. The allegations that, despite his medical conditions of dizziness, diabetes, coronary artery disease and vision disabilities, he has been denied the use of handicap showers since May 1, 2013, do not rise to the level of imminent danger; nor do the allegations that he was denied denture adhesive, denture cleaner, and dental floss. (Id. at ¶¶ 12C, D.) Likewise, his allegations that he suffers from cataracts and that he is refusing to have the surgery because defendants want to send him to an eye surgeon not of his choosing do not rise to the level of imminent harm. (Id. at ¶12E.)

forth the three strikes rule which provides that an inmate who has three prior actions or appeals dismissed as frivolous, malicious, or for failing to state a viable claim may not proceed in forma pauperis "unless the prisoner is under imminent danger of serious physical injury"); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001) (en banc) (finding that the plaintiff must allege facts showing that he was in imminent danger at the time the complaint was filed and that allegations that he faced imminent danger in the past are not sufficient to trigger the exception to section 1915(g)), it is hereby ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 4) is DENIED.

2. The administrative order (Doc. 6) is hereby VACATED. The Clerk of Court shall send notice to the warden at plaintiff's present place of incarceration.

3. Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice, pursuant to 28 U.S.C. § 1915(g).

4. The Clerk of Court is directed to CLOSE this case.

5. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge